THE STATE, *Appellant*, v. BENCH.

**Indictment for Larceny of Township Property** : DEMURRER. An indictment charged the defendant with stealing certain lumber, "the property of Blue Mound township, Livingston county." At the time of the alleged larceny, the township organization law (Acts 1873, p. 97) was in force, and authorized any county to adopt township organization upon a majority vote of the qualified voters. It provided that in counties adopting the law, each township, as a body corporate, should have power to purchase and hold such property, and so much thereof as might be necessary to the exercise of its corporate or administrative powers. In counties not so organized, townships had no such power. The indictment having been demurred to as insufficient because Blue Mound township could not be the owner of the property; *Held*, that whether it could or not, depended on two facts, 1st, Whether Livingston county had adopted township organization; 2d, Whether the property alleged to have been stolen was necessary to the exercise of the corporate powers of the township ; and these could only be determined by a trial. Hence the demurrer should have been overruled.

*Semble*, that no averment of these facts in the indictment was necessary.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

*J. L. Smith*, Attorney-General, for the State.

*Davis & Wait* for respondent.

1.   Each township in counties having adoped township organization, has the power to purchase and hold such personal property as may be necessary to the exercise of its corporate and administrative powers and no other. This is a limited power, a prescribed power, and the indictment must show that the property alleged to have been stolen was property which the township could hold and own. Exceptions in the enacting clause must be negatived in an indictment, and the same rule must apply when limited powers are possessed. *State v. Shiflett*, 20 Mo. 415; *State v. Sutton*, 24 Mo. 377; *State v. Cox*, 32 Mo. 566.   2.  Town-

ships of counties not having adopted township organiza-
tion have no legal corporate existence enabling them to
hold any property, and no allegation is made in the indict-
ment that Livingston county had ever adopted township
organization. A court will take judicial notice of the
adoption of township organization in its own counties as a
matter of law, but not as a matter of pleading, any more
than they would if an indictment commenced in the name
of a county with no State, either in the caption or body of it.

NORTON, J.—Defendant was indicted in the Livingston
circuit court, at its September term, 1877, charged with
grand larceny in feloniously taking, stealing and carrying
away three pieces of pine lumber, of the value of $11.50,
"then and there the property of another, to-wit : the prop-
erty of Blue Mound township, Livingston county." A
demurrer was filed by the defendant to the indictment,
which was sustained, and from this action of the court the
State has appealed to this court. It is contended by de-
fendant that the indictment is insufficient, because Blue
Mound township, the alleged owner of the things charged
to have been stolen, cannot, under the law, be. the owner
of property, and because it does not allege that said town-
ship is in Livingston county, Mo.

In 1873, the General Assembly adopted a " township
organization" law, (Acts 1873, p. 97,) in which it is pro-
vided that it should be operative in any county when adopted
by a majority of the qualified voters of such county at any
general election. It is therein provided that in coun-
ties adopting the law, each township, as a body corporate,
shall have power and capacity " to make such contracts,
purchase and hold property, and so much thereof as may
be necessary to the exercise of its corporate or administra-
tive powers." While we may not take judicial notice of
the fact that Livingston county adopted this law, we will
take notice that it had the right to do so, and as to whether
it did or not is a question of fact to be investigated on the

trial, as well as the question whether such property as is alleged to have been stolen, was necessary to the exercise of its corporate powers. The right of Blue Mound township under the act of 1873, *supra*, to hold property, was dependent upon two facts : one being the adoption by Livingston county of the township organization, as prescribed by the law, the other whether the property in question was necessary to the exercise of its corporate powers. Both of these being questions of fact, should have been determined on a trial of the cause, and not on demurrer. *State v. Cunningham*, 51 Mo 479.

The objection that the township (though charged to be in Livingston county, the venue of which was laid in a preceding part of the indictment) is not alleged to be in Livingston county, Missouri, is of a character so technical as to make its consideration unnecessary under Wag. Stat., sec. 27, p. 1090.

Judgment reversed and cause remanded, in which the other judges concur.

REVERSED.