ROBINSON v. JONES, *Plaintiff in Error.*

**Township Organization**: PLEADING ORDER OF TOWNSHIP BOARD. The township board, as it existed under the township organization law, (Acts 1873, p. 97,) being a tribunal of special jurisdiction, in pleading its order for the opening of a road as a justification to an action for trespass, it was necessary either to aver specially the facts which authorized the board to make the order, or else, (as permitted by section 42, page 1020, Wagner's Statutes,) to state generally that the order was duly made.

*Error to Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

This was an action for a trespass alleged to have been committed by defendant by entering upon plaintiff's land and tearing down and removing his fence. Defendant in his answer denied the alleged trespass, and justified upon the ground that he was a road overseer, and was acting as such, and averred that he entered upon plaintiff's land, and tore away a portion of the fence therefrom in obedience to an order of the township board of Hurricane township, Carroll county, Missouri, having jurisdiction to open roads, and to make such order, which order directed him to open the road on the land in the answer described, running through plaintiff's premises, and remove obstructions

which might be found in the same. Plaintiff demurred to the answer because it did not show that the proceedings of the township board were regular and that the road was legally opened. The demurrer was sustained, and defendant refusing to plead further, there was a judgment for plaintiff. Hence this appeal.

*Sebree & Mirick* for plaintiff in error.

The township board having had jurisdiction of the subject matter of opening roads, defendant was protected by its order, without showing that the order was legally made. *Butler v. Barr*, 18 Mo. 357; *Walker v. Likens*, 24 Mo. 298; *Wyatt v. Thomas*, 29 Mo. 23; *Brown v. Harris*, 52 Mo. 308; *Howard v. Clark*, 43 Mo. 344. If there was irregularity in the proceedings for the opening of the road, it could not be shown in this case. *Fithian v. Monks*, 43 Mo. 521; *Cooper Co. v. Geyer*, 19 Mo. 257; *McVey v. McVey*, 51 Mo. 406; *Snoddy v. Pettis Co.*, 45 Mo. 362; *Wolf v. Robinson*, 20 Mo. 460; *Grignon v. Astor*, 2 How. 319; *Voorhees v. The Bank*, 10 Pet. 449.

*Hale & Eads* for defendant in error.

The answer does not allege that a road had been legally established through plaintiff's land; does not set out any of the proceedings or acts of the board; and does not even allege that plaintiff's fence was an obstruction. As the township board, under the "township organization law," is the only body of that character which has, or has had, any jurisdiction over roads, the court, we presume, will assume that that body is referred to, though the answer throws no light on the question. This was and is a body of limited statutory jurisdiction. No presumption is indulged by the court in favor of their jurisdiction, but they must show and plead their authority in every case, and the proceedings of those who claim to act under them cannot be known judicially until alleged and proven, and

must be shown to be in pursuance of the law which creates and authorizes them; otherwise, they are totally void.  1 Waterman on Trespass, §§ 54 to 60.

SHERWOOD, C. J.—The demurrer to the answer was well taken.  No authority on the part of the township board of Hurricane township to make the order under which the defendant attempted to justify was set forth in the answer.  Township organization never existed in this State, except when adopted by the vote of the people of the county.  Sess. Acts 1873, p. 97.  Consequently, judicial cognizance of such vote having been had and such organization effected, could not be taken.  The answer simply pleads, as a defense to the injury complained of, that it was done by order of the township board of Hurricane township.  Had the answer complied with the requirements of section 42, p. 1020, 2 W. S., which section provides that, " in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction; but such judgment or determination may be stated to have been duly given or made," it would not have been open to the objections which were successfully urged.  But no such general allegations were made, nor was it stated that such special facts existed as conferred jurisdiction.  Of course, if jurisdiction existed in the township board, their order, under the cases cited by defendant, would be a full protection.  But several of those cases also assert the equally familiar doctrine that, where no such jurisdiction of the subject matter exists, the order, mandate or execution affords no protection to the officer who assumes to obey the unwarranted command.  Here, the answer made no general allegations respecting jurisdiction of the township board, nor were any facts alleged from which such jurisdiction could even be reasonably inferred.  Therefore, judgment affirmed.  All concur.