HIRAM CHANCE, Respondent, *v.* ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

May 24, 1881.

A railway company is liable for injuries resulting to a passenger who, on leaving the car after night, attempts, by direction of the brakeman in charge of the car, to cross a gully by way of a certain bridge maintained by another upon the company's grounds, and is injured by a defect in the bridge which could not then be seen.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Affirmed*.

THOROUGHMAN & PIKE, for the appellant, cited: 1
Thomp. on Neg. 409 ; *Sweeney* v. *Railroad Co.*, 12 Allen,
368 ; *Balch* v. *Smith*, 7 Hurl. & N. 741.

BROWN & YOUNG, for the respondent, cited : *McDonald*
v. *Railroad Co.*, 26 Iowa, 145 ; *Allender* v. *Railroad Co.*,
43 Iowa, 276 ; *Gaynor* v. *Railroad Co.*, 100 Mass. 215 ;
*Hulbert* v. *Railroad Co.*, 40 N. Y. 146.

BAKEWELL, J., delivered the opinion of the court.

This is an action for damages for an injury alleged to
have been sustained by plaintiff, through the fault of de-
fendant.    There was a verdict and judgment for plaintiff for
$350.

There was evidence tending to show that plaintiff was a
passenger from St. Louis to De Soto, on the cars of de-
fendant.    The train arrived at De Soto after dark.    Plain-
tiff was asleep when the cars reached De Soto, which was
the stopping-place of the train, and his destination.    The
platform at the De Soto depot is about four hundred and
fifty feet long.    There is a crossing-place for passengers
and carriages near the depot, which is kept open, and kept
in repair by the company.    Running parallel with the plat-
form, and west of it, is a gully or drain, used by the town,
but which is on defendant's grounds.    Besides the crossing
maintained by defendant, there are bridges across this ra-
vine, erected by private individuals at points opposite their
places of business, for the convenience of passengers.    The
ravine is about three feet deep and five feet wide, and these
little bridge-ways are about fifteen feet long.    After the pas-
sengers generally had left the cars, they were backed to a
siding in front of defendant's platform, where they remain
for the night.    Whilst the cars were moving back, the
brakeman in charge of the cars roused plaintiff and told

him not to get out until the cars would stop at the crossing. When the cars reached one of these little bridges they stopped, and the brakeman pointed the bridge out to plaintiff as the crossing he ought to take. The plaintiff, following this direction, got down on the west side and made for his hotel, which was on the west side of the wide street or open space along which the cars run. Plaintiff, in proceeding across the little bridge-way, which was about three and a half feet wide, fell, and severely injured his knee, the leg going up to the knee-cap, through a gap in the bridge caused by a missing plank. This foot-bridge, with other similar bridges across the gully in front of defendant's platform, and on defendant's ground, are commonly used by passengers and others going from the platform to the places of business on the west side of the street; though the large crossing kept open by the company at the south end of the platform, was more generally used by passengers, both because it was kept open and free from cars, and because it was more convenient to passengers getting off in front of the depot. The plat in evidence is omitted from the bill of exceptions, which causes some difficulty in understanding all the testimony. As we can make out, the place at which plaintiff got off the car was about one hundred and fifty feet north of the point on the platform where the depot is, at which are the steps from the platform to the larger crossing. The testimony is contradictory as to whether plaintiff was wakened by the brakeman before reaching De Soto, or not. It is admitted that the recovery is not excessive, if plaintiff is entitled to recover at all.

The court gave the following instructions at the instance of plaintiff:—

1. " If the jury believe from the evidence that the defendant suffered and permitted a bridge or plank crossing to be thrown across a ditch or depression on its grounds at or near the depot mentioned in the petition and evidence, so to

remain in such manner as to invite passengers to cross the same in going to and from defendant's cars, and if the plaintiff, being a passenger on one of defendant's trains, was thereby induced to cross said bridge, and if the defendant negligently permitted holes or open ways in said bridge, and if the plaintiff, while crossing said bridge, without fault or negligence on his part directly contributing thereto, stepped into such opening and thereby suffered the injuries complained of, the verdict should be for plaintiff.

2. "The court further instructs the jury that if the defendant permitted bridges or plank crossings to be thrown across a ditch on its premises, at or near the depot, and if the defendant negligently permitted openings or holes to be in such bridge, and if the plaintiff, being a passenger on one of defendant's cars, was directed by an employee or servant of defendant on such car to cross on said bridge, and if plaintiff, while so crossing the same, stepped into a hole or opening therein and sustained the injuries complained of, without any fault or negligence on his part directly contributing thereto, the verdict should be for the plaintiff.

3. "If the jury believe from the evidence that the bridge or plank crossing on which it is alleged that plaintiff was hurt, was a private crossing, not erected or maintained by defendant, then defendant is not liable for such injury, though such crossing was on the defendant's ground, unless the defendant permitted the same to be so erected and kept as to invite passengers to cross on the same, or unless plaintiff was directed by an employee or servant of defendant on the car in which plaintiff was a passenger, to cross the same.

4. "If the jury believe that plaintiff was guilty of any fault or negligence on his part directly contributing to the injury complained of, he cannot recover in this action."

The court, of its own motion, gave the following instructions : —

No. 3. " If the jury find from the evidence that plaintiff was advised that the next station, that of De Soto, was the one for which he had taken passage on one of defendant's trains, it was his duty to have alighted on the platform defendant had prepared for its passengers to get off the trains on ; and if he went to sleep before it arrived at said station, and remained asleep until after the train was put away on the side track for the night, that of itself is an act of negligence ; and if the jury further find from the evidence that by said act plaintiff contributed to his own injury, you will find the issues for the defendant.

No. 4. " If the jury believe from the evidence that the plaintiff (Chance) purchased a ticket from St. Louis to De Soto, and that he was safely transported from St. Louis to the usual and only platform supplied by it upon which its passengers were to alight at De Soto, and that said train remained at said platform a sufficient time for said plaintiff to have alighted, but that he did not do so, but waited until the train was put back on the side track for the night, and then alighted, that the relation of passenger and carrier had ceased, and that in so alighting at said switch he voluntarily assumed all risks of injury thereafter, and that plaintiff cannot recover."

Defendant prayed the following instructions, which were refused : —

1. " The court instructs the jury that under the testimony in this case, plaintiff is not entitled to recover of defendant.

2. " The court instructs the jury that if it finds from the testimony that plaintiff did any act which contributed to his own injury, then the plaintiff cannot recover.

5. "If the jury find from the evidence that the plaintiff took passage on a train of defendant's for De Soto station, and that on the arrival of the train at the platform the defendant had erected for the convenience of its passengers in getting on and off its trains, it was the duty of plaintiff to have alighted from the train on that platform, and if he refused or neglected to do so, but waited until the train was

switched back on to a side track, which was distant from said platform, and then alighted from the train, crossed the tracks of defendant's railroad, and went upon a private way, and was injured, he cannot recover.

6. " The court instructs the jury that if they believe from the evidence that the defendant safely transported plaintiff from St. Louis to De Soto, and there delivered him on its platform provided for the alighting from its trains for passengers, and that plaintiff had an opportunity of alighting at said platform, and that he did not do so, but remained upon said train, that then and thereafter the relation of passenger and carrier ceased, and the plaintiff took upon himself the risk attendant upon getting out where he did and at the time he did, and cannot recover in this action.

7. " The court instructs the jury that the burden of proof is upon the plaintiff in this cause, and that before he can recover he must show by affirmative proof —

" *First.* That at the time the accident or injury occurred to him the relation of passenger and carrier had not ceased.

"*Second.* That the platform or crossing upon which he was injured had been erected and maintained by the defendant for the use of its passengers upon its trains, and that said platform was out of repair, and, further, that said company had knowledge, through its officers having charge thereof, that the same was out of repair, and that said company had, for an unreasonable length of time after such knowledge of its being out of repair, neglected to put the same in safe condition for passengers.

" *Third.* And further, that plaintiff, in alighting from the train at a switch after a reasonable opportunity had been offered him to alight at a good and sufficient platform, and after crossing the tracks in the dark, and in wandering around and receiving the injury, was not guilty of negligence directly contributing to his injury.

8. " The court instructs the jury that if they believe from the testimony that plaintiff was hurt upon a private

way that was erected for the convenience of other persons, and not for the convenience of passengers of defendant, then the defendant [plaintiff] is not entitled to recover, unless they believe from the testimony that defendant had not erected and maintained a good and sufficient crossing for passengers and patrons. ''

We believe that the rule laid down by Judge Dillon in *McDonald* v. *Railroad Company*, 26 Iowa, 145, is supported by reason, and by the cases which he cited. That rule is, that it is the duty of railway companies to keep in a safe condition all portions of their platforms and approaches thereto, to which the public do, or would naturally, resort, and all portions of their station-grounds reasonably near to their platforms, where passengers or those who have purchased tickets with a view to take passage on their cars. In this case, the brakeman, who is shown to have been to a certain extent in charge of the car, rousing passengers at the stations, changing the seats, etc., directed plaintiff, according to the evidence for plaintiff, to take this very crossing, which was on defendant's grounds, and to wait till he got to it. If the employees of defendant direct passengers where to leave the car, they are undoubtedly bound to reasonable care to avoid injury to passengers. And it has been held that, under such circumstances, they are bound to the utmost care. *Allender* v. *Railroad Co.*, 43 Iowa, 276. The instructions given present the case to the jury in a manner of which we think defendant has no reason to complain. Aside from any testimony as to the directions of the brakeman, the arrangement, situation, and use of the bridge through which plaintiff fell in the dark on going from the cars to his hotel, was shown to be such as to afford, in itself, an invitation to passengers to pass by it from the platform at the station across the gully on defendant's grounds. Plaintiff as a passenger of defendant was entitled to protection from them against injuries which human foresight can avoid so long as he was upon their

premises, and acting in conformity to their reasonable rules as to egress and otherwise. *Gaynor* v. *Railroad Co.*, 100 Mass. 215 ; *Sweeny* v. *Railroad Co.*, 10 Allen, 368. Passengers have a right to assume that the grounds adjacent to the cars belonging to the company, within the limits in which passengers naturally go to and from the train, are in a condition to be safe for ordinary transit, even on a dark night. *Hulbert* v. *Railroad Co.*, 40 N. Y. 146.

We see no sufficient ground for reversing the judgment, and it will be affirmed. All the judges concur.