CITY OF HOPKINS v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant.*

1. **Judicial Notice**: INCORPORATION OF TOWN. When it is shown that a town or city has availed itself of the general law authorizing towns and cities to become incorporated, the courts will take judicial notice of the rights and powers conferred thereby. But the fact that a particular town or city has availed itself of the privileges of such law and become incorporated, must be proved. The courts will not take judicial notice of it. See *The State v. Hays,* 78 Mo. 600.

2. **Eminent Domain.** The existence of a power to take property for public use, may be controverted at any stage of the proceedings

3. **Railroads** : STREET CROSSINGS. The statute imposes no duty on railroad companies to construct and maintain crossings where public streets cross their tracks.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

REVERSED.

*Strong & Mosman* for appellant.

*R. H. Wilfley* and *Johnston & Andrews* for respondent.

NORTON, J.—This is a proceeding begun by the respondent for the purpose of opening and extending Barnard

street in the town of Hopkins, through the depot grounds of the appellant at that point. Said depot grounds consist of a strip of land 200 feet wide, and probably 800 or 1,000 feet long, on which are situated the depot buildings and the main line and three side-tracks of the appellant's road. Said street runs from east to west, and is eighty-eight feet wide, and the respondent proposes to appropriate a strip out of said depot grounds eighty-eight feet in width by 200 feet in length, so as to extend the street across said depot grounds and over said main line and side-tracks. To that end its council passed an alleged ordinance condemning said strip, appointing commissioners to assess the damages occasioned thereby, and directing them to meet and view said ground, estimate the damage done and report in writing their award to the council. The commissioners reported that the appellant was not injured or damaged by the appropriation of said ground or the opening of said street. The common council approved the award, and the railroad company appealed to the circuit court, where, on a trial anew, the circuit court gave judgment for plaintiff and refused to allow appellant any sum as damages.

The case is before us on defendant's appeal, and the chief ground of error assigned is the action of the court in refusing the following instructions:

1. Under the pleadings and evidence in this cause, the defendant is entitled to recover in this cause such sum or sums as damages sustained by it by reason of the appropriation of its land and the opening of Barnard street by plaintiff, across its track, as the evidence shows it will be compelled to expend in constructing and maintaining road crossings over said tracks of the kind and in the manner required by the statutes.

2. There is no evidence in this cause of the incorporation of the plaintiff or that an ordinance was ever passed or approved opening Barnard street across the defendant's track, and the plaintiff has no standing in court to maintain this proceeding.

We are of opinion that the court erred in refusing the second instruction. This proceeding is an attempt, on the part of plaintiff, to exercise the right of eminent domain, by taking defendant's property and appropriating it to a public use. The question as to whether plaintiff could exercise such a right at all, depends upon the fact of its being an incorporated town or city invested by the law creating it with such right and power. If plaintiff derived its being from a public law, we should be bound to take judicial notice of it and of the rights and powers it possessed. But there is no public act, so far as we have been able to discover, creating and conferring power on plaintiff. The general statute which authorizes cities and towns to become incorporate, can only be taken cognizance of judicially when it is shown that its provisions for incorporation have been complied with. When it is shown that a town or city has availed itself of the privileges of this general law, and become incorporate, the courts are bound to take judicial notice of the rights conferred and powers given it by such, but courts cannot take judicial cognizance of the fact that a particular city or town has availed itself of the privileges of such law and become incorporate. Such fact rests *in pais*, and must be proven as any other fact. The record before us shows that no evidence whatever was offered on the trial as to the incorporation of plaintiff. If incorporated under the general law, that fact ought to have been found, and the court then could have taken judicial notice of its powers. *State v. Bench*, 68 Mo. 78 ; *Robinson v. Jones*, 71 Mo. 582 ; *Inhabitants of the Town of Butler v. Robinson*, 75 Mo. 192.

It is, however, contended by counsel for plaintiff that defendant's objection came too late and should have been made in the first instance before the mayor and council. We cannot see the force of the suggestion. When a power is claimed to take the property of another and apply it to a public use, the existence of the power may be controverted in any stage of the proceedings, and when it

*Margin notes:* 1. JUDICIAL NOTICE: incorporation of town. — 2. EMINENT DOMAIN.

is shown that such power exists, it has been held that in exercising it the utmost strictness is required, and unless upon the face of the proceedings had it clearly appear that every essential requisite has been complied with, every step from inception to termination is *coram non judice*. *Ells v. Pacific R. R. Co.*, 51 Mo. 200; *Anderson v. City of St. Louis*, 47 Mo. 479.

As to the first instruction refused by the court, we deem it unnecessary to notice it farther than to say, that it 3. RAILROADS: street crossings. is so drawn as seemingly to admit a statutory duty on the part of defendant to construct and maintain crossings where said Barnard street crosses its tracks, and in this view of it, it was properly refused.

For the error committed in refusing the second instruction the judgment will be reversed and cause remanded. All concur.