THE STATE, *Appellant*, v. CLEVELAND.

1. **Embezzlement by Township Trustee.** Section 41 of article 3 chapter 42 of Wagner's Statutes, providing for the punishment of officers converting to their own use the public money, embraces township trustees.

2. ———: TOWNSHIP ORGANIZATION: JUDICIAL NOTICE: INDICTMENT. Judicial notice is not taken of the fact that a county has adopted township organization. Unless such be the fact, there is no such office as that of township trustee. It is, therefore, essential that such fact be alleged in an indictment under section 41 of article 3, chapter 42 of Wagner's Statutes, against a township trustee for converting to his own use the public moneys of the township. See *City of Hopkins v. Railway Co.*, 79 Mo. 98.

*Appeal from Harrison Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

*D. H. McIntyre*, Attorney General, for the State.

*Shanklin, Low & McDougal* with *J. W. Alexander* and *W. H. Skinner* for respondent.

HENRY, J.—Defendant was indicted at the March term, 1880, of the circuit court of Harrison county. The indictment contains two counts, but, owing to its length, we only incorporate that portion which presents the question we deem it necessary to notice. Omitting the formal parts the first count charges: "That Samuel R. Cleveland, on the 5th day of March, 1877, being then and there an officer duly elected and qualified under the laws of the State of Missouri, to-wit, being the township trustee of Clay township, it being also known as township sixty-six and sixty-seven, in Harrison county and State of Missouri, * * did unlawfully, feloniously, etc., embezzle and convert to his own use," etc. The other count contains the same averment. A demurrer to the indictment was interposed by defendant, which was sustained and judgment

rendered accordingly, from which the State has prosecuted this appeal.

Section 41, Wagner's Statutes, 459, on which the indictment was based, provides that: "If any officer, appointed or elected by virtue of the constitution of this State, or any law thereof, including as well all officers, agents and servants of incorporated towns and cities, as of the State and counties thereof, shall convert to his own use   *   *   ." It is contended by respondent's counsel that this section does not embrace township trustees; but on this point it is sufficient to say that in the case of *State v. Hays*, 78 Mo. 600, the contrary was expressly decided.

1. EMBEZZLEMENT BY TOWNSHIP TRUSTEE.

Another, and we think a fatal objection to the indictment is, that it does not allege that township organization had been adopted in Harrison county. In the *State v. Bench*, 68 Mo. 79, it was held that courts cannot take judicial notice of the fact that a county has adopted township organization. If Harrison county, in pursuance of the Township Organization Act, had adopted township organization, then, under the law, there was such an office as township trustee. Otherwise, there was no such office within that county. It is essential that an indictment against an officer, under that section, should distinctly state such facts as will show the existence of the office, unless it be one of which the court will take judicial notice of its existence within the territory in which the party indicted is alleged to have been elected. The fact that the county was under township organization was a material fact, and every material fact of which the court will not take judicial notice must be alleged. In the *State v. Hays, supra,* that fact was alleged.

2. ——— : township organization: judicial notice: indictment.

The judgment is affirmed.