James L. Burbridge, Respondent, v. The Kansas City Cable Railroad Company, Appellant.

| 36 | 669 |
| 92 | 115 |
| 36 | 669 |
| 102 | 475 |

Kansas City Court of Appeals, May 20, 1889

1. **Practice**: DEMURRER TO EVIDENCE. The rule that on a demurrer to the evidence the court must indulge every inference of fact in favor of the party offering the evidence, which a jury might indulge with any degree of propriety, is applied to the evidence in this case, and the action of the trial court in overruling such demurrer is sustained.

2. **Street Railways**: COMMON CARRIER OF PASSENGERS. The admission of the answer that the defendant was a street railroad corporation duly organized and existing under the general statutes of the state is, in effect, an admission that it was a common carrier of passengers, and the courts will take judicial notice of its rights and powers, which taken in connection with the uncontradicted evidence in this case fix the defendant's character as such carrier.

3. **Negligence**: INSTRUCTION CONTAINING HARMLESS ERROR. Where the *gravamen* of the complaint is that the plaintiff got off defendant's east bound train at the junction crossing, and attempted to cross its track to reach the junction side walk, when defendant negligently caused one of its western bound trains to reach said junction and crossing, before plaintiff had crossed over said track and before the said east bound train had pulled out from the said junction, whereby plaintiff was injured, etc., it is harmless error that an instruction assumes that the defendant was transporting plaintiff over its line, or that he was alighting from one of its cars at the time of the injury.

4. ———: INSTRUCTION NOT TOO BROAD. An instruction, that "if defendant committed any act of negligence by its agents, etc., in operating and managing its trains of cars at said junction at the time of the alleged injury, they should find for the plaintiff," is not, in this case, too broad as authorizing a verdict on account of an act of negligence not alleged in the petition.

5. **Common Carrier:** PASSENGER CONTINUES SUCH. On the facts of this case, it is *held* that plaintiff having been a passenger on defendant's east bound train on its south track, on leaving the same at said junction, was still a passenger in so far that he was entitled to protection against the negligent movement of defendant's trains on its north track whilst he was passing over such track to the junction sidewalk and perhaps until said east bound train had cleared Main street.

6. **Damages:** INSTRUCTIONS NOT MISLEADING. Although an instruction may be ambiguous and of doubtful meaning, yet if it did not mislead the jury and the damages found were not by any means excessive, it can not be said the defendant was prejudiced by it.

7. **Contributory Negligence:** DUTY TO LOOK AND LISTEN. An instruction that it was the plaintiff's duty before going on the track of defendant to look and listen for an approaching train, and if looking and listening he might have heard or seen the approaching train, but failed to look and listen, and went on the track of defendant and was injured by either of the cars he can not recover, was on the facts of this case properly refused, as the well-devised and well-understood custom and regulation of defendant in operating its trains was that no train from the east was allowed to approach the junction until the east bound train should clear Main street on which regulation plaintiff had a right to rely and which relieved him of the ordinary duty of looking and listening before crossing said north track to the sidewalk.

8. **Practice:** TWO COUNTS, ONE CAUSE OF ACTION. It is allowable that the petition may contain two counts alleging but one cause of action, and a verdict will bar a further recovery on either count.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Johnson & Lucas*, for the appellant.

(1) The court should have sustained the demurrer to the testimony at the close of plaintiff's case, for the reason that it was not proven that defendant was operating the cars by which plaintiff claims to have been injured, at the time of the injury or at any time

neither was this proof supplied by any testimony intro-
duced by defendant. This was a material fact alleged
in the petition, denied by the answer, and not proven.
The attention of the lower court was duly called to it in
the motion for a new trial. *Gilbert v. Railroad*, 23 Mo.
App. 65. It is true that the case cited was brought
under a special statute, but decisions are not required
to demonstrate that the jury is not allowed to infer a
substantive fact, alleged in the petition. (2) Instruc-
tion given for plaintiff is wrong. (*a*) Because it tells
the jury that defendant was a common carrier of
passengers at the time of the injury complained of,
though this was not proven. (*b*) It assumes that
defendant was transporting plaintiff over its line, or
that he was alighting therefrom, at the time of the
injury. The testimony of both plaintiff and defendant
showed that he had already alighted. (*c*) It is too
broad in authorizing the jury to find a verdict on
account of any act of negligence, on the part of the
defendant, instead of those alleged in the petition. (*d*)
It makes the remarkable assumption that a "person of
ordinary prudence and reasonable intelligence" would
under certain circumstances commit a "negligent act,"
directly contributing to an injury received by him, and
yet his prudence and intelligence would excuse him
from the legal effect of the "negligent act." This was
not only confusing to the jury, but was equivalent to
telling them that if the plaintiff was a person of "ordi-
nary prudence and reasonable intelligence," he could be
guilty of contributory negligence with impunity. (3)
Instruction 2 given for plaintiff is erroneous. (*a*) It
assumed hypothetically, without anything in the testi-
mony to justify it, that defendant "invited and
allowed" passengers to cross its tracks, etc. As the
tracks are on a public street, defendant could have had
no power to "invite" and no authority to "allow"
anyone there. (*b*) It assumes that plaintiff was a

passenger while passing over the tracks in a public street. *Gerren v. Railroad*, 60 Mo. 405 ; *Peck v. Ritchey*, 66 Mo. 114 ; *Dowling v. Allen & Co.*, 88 Mo. 293. (4) Instruction 4 given for plaintiff allows the jury to hold defendant responsible for any liability incurred (by plaintiff) while suffering from his injury. It is difficult to determine from the language of the instruction what sort of a liability is meant, and it must have been misleading and confusing to the jury. (5) (*a*) Instruction 1 asked by defendant should have been given. A street railway has no depots, and no right of way, over which it has exclusive control. *Hurt v. Railroad*, 94 Mo. 262 ; Hutchinson on Carriers, sec. 612. (*b*) Instruction 2 asked by defendant has been repeatedly declared to be the law. *Harlan v. Railroad*, 64 Mo. 480 ; *Hende v. Railroad*, 71 Mo. 636 ; *Donahue v. Railroad*, 91 Mo. 357. (6) The motion in arrest should have been sustained, because it is impossible to determine upon which count of the petition the verdict was found. *Mooney v. Kennett*, 19 Mo. 551 ; *Owens v. Railroad*, 58 Mo. 386 ; *Sturgeon v. Railroad*, 65 Mo. 569.

*Boland & Elliot*, for the respondent.

(1) Appellant's demurrer to respondent's evidence in the trial court below can not now be considered in this court. A defendant who offers evidence on his own behalf, after his demurrer to the plaintiff's evidence has been overruled, thereby waives objection to the action of the trial court on said demurrer. The appellate court will in such case determine the case on the whole evidence. *Guenther v. Railroad*, 95 Mo. 286 ; *Bowen v. Railroad*, 95 Mo. 268. (2) Appellant makes four objections to the first instruction given for the respondent, but cites no authorities to sustain any one of them. (*a*) The fact of the incorporation of appellant was admitted

in the trial below, because it is set out in the petition and not denied under oath, as required by statute. This involves confession of the objects of the corporation, as such objects must be set out in the articles of incorporation. Laws of Mo. 1883, p. 121. An instruction which assumes facts, which are conceded by all the testimony, is not for that reason erroneous. *Hall v. Railroad*, 74 Mo. 298; *Price v. Haeberle*, 25 Mo. App. 202; *Newcomb v. Blakely*, 1 Mo. App. 293. It was assumed all through the trial that the defendant was a common carrier of passengers, and no fact which has been assumed in the trial can be questioned in an appellate court; and any fact assumed on the trial is as much in the case as if it had been actually proven. Green & Myers' Mo. Practice, sec. 1164, and citations. (*b*) The instruction assumes, as the law requires of all common carriers of passengers, that appellant should have provided for respondent safe means of alighting from its trains at said junction; and such alighting does not mean just stepping from the platform of the car, but the same as getting off the vehicle of any common carrier of passengers and from the premises of the carrier to any other premises. *Chance v. Railroad*, 10 Mo. App. 351; *Gaynor v. Railroad*, 100 Mass. 215. (*c*) The instruction does not authorize the jury to find a verdict on account of "any act of negligence" on part of defendant. The language is, "any act of negligence committed by defendant's agents, servants and employes, in operating and managing its trains at said junction at the time of the alleged injury, which was the direct and immediate cause of plaintiff's injury." The instruction is based upon the second statement of the cause of action in the petition, and the evidence in the case. Appellant filed no motion to make the second statement of the cause of action in the petition more definite and certain. This clause of the instruction begins with the sentence, "If the jury believe from the evidence," etc., thereby

confining the consideration of the jury to facts in evidence about such operation of trains. The issues presented by the instruction are thus within the pleadings and the evidence. *Russell v. Ins. Co.*, 55 Mo. 585; *Beuchamp v. Higgins*, 20 Mo. App. 514. (*d*) If it were possible for the jury to have twisted such a construction out of the language of the instruction as appellant's counsel have done, it could not have misled them in their verdict, as respondent's third instruction, defining his liability for contributory negligence, is good and not directly objected to by appellant. *Whalen v. Railroad*, 60 Mo. 323; *Goetz v. Railroad*, 50 Mo. 472. (3) Appellant objected to the giving of instruction 2 for respondent and the refusing of instruction 1 for appellant, because counsel wished to confine the liability of a street railway as a common carrier of passengers to its passengers as such only while they are actually aboard the street cars. The relation of carrier and passenger ends only when the journey contracted for has been concluded, and the passenger has left the carrier's premises. 2 Am. and Eng. Ency. of Law, p. 745, and citations; *Chance v. Railroad*, 10 Mo. App. 351; *Allender v. Railroad*, 43 Iowa, 276; *Sweeney v. Railroad*, 10 Allen, 368. Passengers have a right to assume that the grounds adjacent to the cars belonging to the company, within the limits in which passengers naturally go to and from the train, are in a condition to be safe for ordinary transit. *Hulburt v. Railroad*, 40 N. Y. 146. Especially is this true where the arrangement, situation, and use of premises, as shown in the evidence of this case, were such as to afford, in themselves, an invitation to passengers to pass over the appellant's north track to the junction sidewalk, and where it was the direct and usual way for passengers to so pass. Respondent, as a passenger of appellant, was entitled to protection by appellant against injuries which human foresight could have avoided so long as he was upon its premises; that is, until he had crossed the north track of appellant

and gotten upon the sidewalk which said track immediately adjoined, if such means of egress was within the regulations of the appellant at that time. *Gaynor v. Railroad*, 100 Mass. 215. (4) The unnatural construction of the language of respondent's fourth instruction, which appellant's counsel have evolved, certainly did not mislead the jury to any extravagant extent, as the damages assessed were only seven hundred and fifty dollars. The grammatical construction of the language can show nothing else than that "liability" refers to expenses incurred for medical attendance and nursing. (5) Appellant's instruction 2 was not given, and should not have been, because it assumed in the first place, that the relation of carrier and passenger, between appellant and respondent, had ceased before respondent had stepped upon appellant's north track ; and in the second place, it attempts to hold all persons going upon the tracks of a street railway to the same degree of care as is required of strangers going upon the track of an ordinary steam railroad, as the citations show. We have cited our authorities against the first assumption. The second is untenable. There is nothing exclusive or proprietary in street railroads' right of way and they have no higher right to use the highway than the humblest pedestrian. Thompson on Neg., pp. 396, 397, 399 ; Beach on Cont. Neg., p. 299, and following ; *Adolph v. Railroad*, 65 N. Y. 554 ; *Railroad v. Hanlon*, 53 Ala. 70. (6) The court properly overruled the motion to elect, and motion in arrest. There is but one cause of action stated in the petition. *McNees v. Railroad*, 22 Mo. App. 224 ; *Moffatt v. Turner*, 23 Mo. App. 194 ; *Brinkman v. Hunter*, 73 Mo. 172 ; *Owens v. Railroad*, 58 Mo. 386 ; *Edwardson v. Garnhart*, 56 Mo. 81 ; *Brownell v. Railroad*, 47 Mo. 239.

SMITH, P. J.—This was an action instituted in the circuit court of Jackson county by the plaintiff against the defendant company to recover ten thousand dollars

damages for personal injuries alleged to have been occasioned by the negligence of defendant.

The petition contained two counts, though alleging but one cause of action. The answer was a general denial and contributory negligence.

At the trial the plaintiff, to maintain the issue, introduced evidence tending to show that on the night of September 9, 1887, he, with three other persons, entered a car of defendant at "Union Depot" to go to the junction of Main and Delaware streets in the City of Kansas; that he, with his companions, rode in the "grip" to the point of destination; that the junction of said streets is approached on Ninth street from the east and west over defendant's railway track by heavy down grades; that the north track, the track being double, runs close up to the junction sidewalk; that at the time of the injury complained of, and for some time previously thereto, it was a rule and custom of defendant not to allow its trains to pass at the junction; that the west bound trains were required to, and that was the custom, be held at Walnut street one block east of the junction until the train at the junction eastward bound cleared Main street so that the trains going in opposite directions would pass each other on the grade between Walnut and Main streets; that the plaintiff, who had long been a resident of Kansas City, knew the rules and customs referred to and relied upon the same in leaving defendant's train at the junction; that it was the usual and customary way for passengers getting on and off the defendant's east bound trains to pass over the north track to and from the junction sidewalk, and that defendant kept a watchman there to protect them in so doing; that the plaintiff, after some conversation with his traveling companions, in relation to the payment of their fare, had, about the time the train on which he had taken passage approached the junction, started to leave it and cross the north track of defendant's road to the junction sidewalk, and as he

stepped to the ground, which was before his train started, one of his companions, who was just ahead of him and who was in the act of jumping upon the junction sidewalk, hallooed, "Look out;" that the plaintiff then looked and saw the west bound train upon him when he jumped back, and the train, from which he had just alighted, then being in motion, forcibly struck and threw him between the two trains and dragged him to the middle of Main street, and thus inflicting wounds, bruises and other injuries from which he was confined to his bed, under medical treatment for two weeks, and to his room for three weeks ; that it was two and a half months before he was able to resume his work, and that he had symptoms of permanent injuries to his back and eyes. This was the tendency in the main of the plaintiff's evidence.

The defendant interposed a demurrer thereto which was by the court overruled.

The tendency of the evidence adduced by the defendant was to show that plaintiff at the time of the receipt of his injury was under the influence of liquor ; that had it not been for his own negligence his injury would not have occurred.

The defendant's evidence in several particulars was contradictory to that of the plaintiff.

The court gave for the plaintiff four instructions as follows :

"1. The jury are instructed that the defendant is a common carrier of passengers ; and as such, at the time of injury complained of, was bound to have exercised, towards the plaintiff, the utmost care and vigilance, in transporting him over its line and providing for his safe alighting from the train at the junction of Main and Delaware streets in Kansas City, Missouri ; and, if they believe from the evidence, that the defendant committed any act of negligence, by its agents, servants and employes, in operating and managing its trains at said junction, at the time of the alleged injury, which was

the direct and immediate cause of plaintiff's injury, then they shall find for the plaintiff and assess his damages in a sum not to exceed ten thousand dollars ; provided they do not further find that the plaintiff committed some negligent act or acts of his own, which contributed directly, immediately, and approximately thereto, and which a person of ordinary prudence and reasonable intelligence under like circumstances would not have committed.

"2. If the jury believe from the evidence that it was the direct and usual way, in getting on or off defendant's trains on the south track to or from the junction sidewalk on the north, for passengers to cross over defendant's north track, and that defendant invited and allowed passengers to so cross over its north track, in getting on or off its trains, on the south track at said junction to or from the sidewalk on the north, then they are instructed that the plaintiff's right, as a passenger, entitled him to the same degree of extraordinary care and vigilance for his safety, on the part of the defendant, while he was passing from his train over defendant's north track, to the junction sidewalk on the north, as while being transported as a passenger over defendant's line.

"3. The jury are instructed that before they can find the plaintiff guilty of contributory negligence, defendant must first prove by a fair preponderance of evidence, that the plaintiff committed some act or acts, which a person of ordinary reason, intelligence, and prudence, under like circumstances, would not have committed, and must further prove by a fair preponderance of evidence that such act or acts so committed by plaintiff contributed directly, immediately, and proximately to his injury.

"4. The jury are instructed that if they find for plaintiff in this case, in estimating and assessing his damages in the nature of compensation for his loss, they may take into consideration the amount of reasonable

expense for medical attendance and nursing, if any were incurred, or liability incurred while suffering from his injury ; loss of time from his business, and the value thereof; the extent of his mental and physical suffering, and the nature and extent of his temporary or permanent injuries, if any resulted therefrom."

The defendant asked the court to give several instructions which were refused, but as no objection is made here to the action of the court in that respect except as to the two first in the series, we will only transcribe and consider them, the same being as follows:

"1. If you believe from the evidence, that the plaintiff got safely off the cars of the defendant, then its liability to him as a passenger ceased, and he can not recover in this action.

"2. It was the duty of plaintiff, before going on the track of defendant, to look and listen for an approaching train, and if by looking and listening he might have heard or seen the approaching train, but failed to look and listen, and went on the track of defendant and was injured by either or both cars he can not recover."

The court on its own motion gave two instructions for defendant but to which no serious objection is made. The jury found a verdict for the plaintiff for seven hundred dollars. After the usual motions to set aside the verdict and in arrest of the judgment were severally overruled the defendant appealed here.

I. Applying the familiar and oftentimes quoted rule that on a demurrer to the evidence the court must indulge every inference of fact in favor of the party offering the evidence, which a jury might indulge with any degree of propriety, (*Beusching v. Gas Light Co.*, 73 Mo. 219 ; *Harris v. Railroad*, 89 Mo. 233), to the evidence adduced by the plaintiff, we can not regard with favor the contention of the defendant that the demurrer interposed thereto by it should have been sustained. The facts, which the evidence of the plaintiff tended to establish together

with the inferences of other facts to be drawn therefrom, sufficiently made out the *prima facie* case for the plaintiff to justify the court in submitting it to the jury. There is not the slightest analogy between the case of *Gilbert v. Railroad*, 23 Mo. App. 65, cited by defendant, and this case. Indeed we are inclined to think that under the rigid rule there laid down, as applicable to cases of that kind, that the plaintiff's evidence in this case was sufficient to have entitled him to go to the jury. It was shown that the plaintiff had with other passengers entered one of the defendant's cars at the Union depot and from thence was transported to the junction for fare which was paid ; the mode and manner in which defendant operated its cars over its tracks under its regulations together with other facts, tended to show that the defendant was running and managing the trains of cars which occasioned the injury for which this suit was brought.

II.   The defendant further contends that the first instruction given for the plaintiff was erroneous for several reasons: ( 1 ) That it assumed that the defendant was a common carrier of passengers.

The admission of the answer that the defendant was a street railroad corporation, duly organized and existing under the general statutes of this state in view of the act of 1883 ( Sess. Acts, 1883, p. 121 ), was in effect an admission that it was a common carrier of passengers.

The law is that when the existence of a corporation is admitted, if organized under the general statutory laws of the state, the courts can judicially take notice of the rights and powers they confer. *Bowie v. Kansas City*, 51 Mo. 454 ; *City of Hopkins v. Railroad*, 79 Mo. 98 ; *Inhabitants of Butler v. Robinson*, 75 Mo. 192 ; *State v. Bunch*, 71 Mo. 582 ; *State v. Cleveland*, 80 Mo. 108.

Coupling the powers and rights of the defendant which were thus made judicially known to the court with

the uncontradicted evidence as to other facts showing it to have been a public carrier of passengers, and we think this objection to the said instruction is fully answered. If the pleadings had been otherwise and there had been a conflict or no evidence at all as to the assumed fact then there would be some just grounds of complaint in this regard. ( 2 ) The defendant further contends that this instruction assumes that the defendant was transporting the plaintiff over its line or that he was alighting from one of its cars at the time of the injury. Whether this be so or not is of no importance, since it was not and could not result in harm to the defendant.

The *gravamen* of the plaint was that the plaintiff got off the defendant's train at said junction crossing, and attempted to cross its track to reach the junction side walk, when it negligently caused one of its western bound trains to reach said junction and crossing before plaintiff had crossed over said track, and before said east bound train had pulled out from the said junction crossing, etc. ( 3 ) That the said instruction is too broad in authorizing the jury to find a verdict on account of any act of negligence of defendant instead of those alleged in the petition.

This objection is likewise not well taken. The language of the instruction is that "if defendant committed any act of negligence by its agents, etc., in operating and managing its trains of cars at said junction at the time of the alleged injury which was the direct cause of the injury they should find for plaintiff."

The objection is evidently based upon a misconception of the language employed in the instruction.

There is some further objection made to this instruction which, being but a mere verbal criticism thereof, it is unnecessary to further notice.

III. The defendant assails the plaintiff's second instruction on the ground that it assumes that the plaintiff was a passenger while passing over its track on a

public street. This assault must fail. The uncontradicted evidence was that at the time the plaintiff was injured that it was a rule then in force, for the management and operation of defendant's trains, that its north track at the junction should be kept free of trains until the east bound trains should not only leave the junction but clear Main street, when only its west bound trains which should be held near Walnut street, a block east, should be permitted to approach the junction so that the two trains would thus pass each other on the grade east of Main street. This was an assurance upon which the public had a right to rely. It was a well-devised and well-understood custom, the observance of which was alike beneficial to the defendant and the public. This was an approach to the defendant's trains at the junction, which the defendant gave assurance to the public that should be kept unobstructed and safe while its trains on the south track remained at the junction. The observance of the precaution was not inconsistent with the privilege granted the defendant by the City of Kansas, and under which it operated its railway. We think the facts of this case bring it within the rule declared by the supreme court of Iowa in *McDonal v. Railroad*, 26 Iowa, 145 and approved by the St. Louis court of appeals in *Chance v. Railroad*, 10 Mo. App. 351, to the effect that it is the duty of railway companies to keep in safe condition all portions of their platform and approaches thereto, to which the public do or would naturally resort, and all portions of their station grounds reasonably near their platform, etc. We can perceive no reason why this statutory rule may not to a certain extent apply to street railways.

And especially so where they run along the crowded streets of a populous city and when they give assurance to the public that they will at certain places keep the approaches over such streets to their trains free and safe, as against obstructions or interferences by them or under their control.

We. think the plaintiff had the right to assume that on leaving defendant's car that its north track was clear and that no train would arrive there until the train which plaintiff was leaving had pulled out of Main street. *Hulburt v. Railroad*, 40 N. Y. 146. The defendant having elected to make the junction a regular station or stopping place to receive and discharge passengers, it thereby invited passengers to approach and depart from its trains at that point, and as a consequence was impliedly bound to protect them while doing so against mutilation and death inflicted by the negligent movement of its own trains.

It follows from these considerations that the plaintiff having been a passenger on defendant's east bound train, on leaving the same at said junction, was still a passenger in so far that he was entitled to protection against the negligent movement of the defendant's trains on its north track whilst he was passing to the junction sidewalk and perhaps until the said east bound train had cleared Main street. *Gaynor v. Railroad*, 100 Mass. 215.

The *Hunt case*, 94 Mo. 225, is unlike this case in its essential facts. There the action was against the carrier for an injury resulting to a passenger in consequence of the starting of the train before he had time to leave it after its arrival at the station.

There is nothing in it to support defendant's position.

IV. The plaintiff's fourth instruction, though its language is ambiguous and of doubtful meaning, did not mislead the jury as defendant supposes. In view of the evidence and the amount found by the jury we can not say the defendant was in any way prejudiced by it. If the jury believed the plaintiff's evidence, as we must presume it did, the amount of the damages found was not by any means excessive.

V.   As to the defendant's instruction number one it is sufficient to say that for reasons already stated it was properly refused.

VI.   And as to the defendant's second instruction it may be observed that as a rule of law abstractly considered it is correct, but that it is wholly inapplicable to the facts of this case.   Under the defendant's rules for regulating the movement of its trains plaintiff had the right to presume that no train would arrive on its north track at the time of the infliction of his injury.   Plaintiff had the right to rely on the defendant's regulation that no train from the east was allowed to approach the junction until the east bound train should clear Main street.   This relieved him of the ordinary duty of looking and listening before crossing said north track to the sidewalk.

Besides if the plaintiff had stopped to look and listen he would not have escaped the injury.   The close proximity of the two tracks left no place of safety between the two trains.

He was confronted with Scylla on one side and Charybdis on the other.

Under such circumstances what avail would it have been to look and listen ?

VII.   The petition contained two counts though alleging but one cause of action.   This is allowable. *Brownell v. Railroad*, 47 Mo.  249 ; *Owens v. Railroad*, 58 Mo. 387 ; *Brinkman v. Hunter*, 73 Mo. 179, because the verdict in such case bars any further recovery on either count of the petition.

We have been unable to discover any error in the record justifying our interference with the judgment which will be affirmed.   ELLISON, J., concurs ; GILL, J., not sitting.