Cook, J.,
delivered the opinion of the Court.
The material evidence in this cause was contained in a deposition, which the bill of exceptions shows, was taken and certified by a Justice of the Peace of the city of New Orleans, under and by viitue of a rule of the Clerk of the Circuit Court of St. Louis county, directed to any Judge or Justice of the Peace of the city of New Orleans. To the reading of which the defendant’s counsel objected, and now assigns as error that the Circuit Court permitted it to be read on the trial. The statute which regulates the taking of depositions, provides that they may be taken, in certain cases, before any Judge or Justice of the Peace of any of the United States or Territories, upon a rule to be entered up in Court, or in vacation, by the Clerk. The objections to the deposition in this case are, that the dedimus is not directed to any Judge or Justice of the Peace of any of the United States or Territories; and that the deposition does not appear to have been taken before, nor certified by, any such Judge or Justice of the Peace. It is the opinion of this Couit that to warrant the reading of any deposition, on a trial in Court, it should purport to have been taken in conformity to the provisions of the statute; and the question to be decided is, does the deposition in this case appear to have been so taken ? This Court can judicially notice the several State Constitutions and the acts of Congress, organising territorial governments; and, therefore, must notice that there is no State or Territory in the United States established and known by the name of the city of New Orleans. In order, then, to recognize this Justice of the Peace, as a Justice of the State of Louisiana, as has been contended, or of any other Stale, we must judicially take notice of the law of such State, incorporating such city, and that the city of New Orleans isa municipal subdivision of the State of Louisiana. This would be going the full length of taking judicial notice of the acts of the several State Legislatures, a doctrine which, we believe, has been but little countenanced in any of the State Courts. What would be the best evidence of'the character of the officer before whom a deposition is so taken, need not be decided in this case. The certificate of the Judge or Justice himself, that is, a Judge or Justice of the Peace of the State or Territory, under the authority by which he professes to act, seems to be the best that ought to be received. As the other points in the cause arjse out of evidence contained in the deposition, and as it is the opinion of the Court that the deposition was improperly admitted on the trial, no opinion is necessary on those points.
*58 The judgment must be reversed with costs; the cause sent again to the Circuit Court, and a new trial had therein, and if the said deposition he offered at the trial, it must be rejected.