Per Curiam.

This was ah action of debt on a writing obligatory, with a condition. To the declaration there was a general demurrer; the demurrer was overruled and judgment thereon, and, under the statute, a writ of inquiry awarded. The writ of inquiry was executed at the same term it was directed. It is objected to the judgment that this is error. The Court is of opinion that the writ of inquiry was properly executed.
.The next objection is, that there is a variance between the writing declared on and the oyer given, with respect to the date.
There was no oyer craved, and the only evidence of oyer on record is,.that it is stated by the Clerk, immediately after the copy of the declaration, thus: “ oyer of the writing obligatorythen follows a copy of a writing, with a condition, beginning thus: K the commissioners for the sale of lots in the town of Pinkneyand .signed with the names of the defendants. It is contended that this notice of oyer amounts to oyer in law ; so that the paper is a pari of the plaintiff’s declaration, and the demurrer is fatal. We are of a-different opinion; this notice of oyer is not giving oyer, nor is it like it; the copy is, therefore, no part of the record, so that there is no variance.
It is contended that the defendants acted in the capacity of public agents, and therefore not liable. In answer to this, we say the record does not show the fact to be so; and unless it did, we cannot enter into that question.
The judgment of the Circuit Court is affirmed, with costs.