The State *v.* Kidd.

---

No. 8588.

THE STATE *v.* KIDD.

CRIMINAL LAW.—*Sale of Intoxicating Liquor on Day of Municipal Election.*—*Statute Construed.*—An election, held by a city under section 1 of the act of March 25th, 1879, Acts 1879, p. 88, authorizing cities to construct water-works, is a municipal election, within the meaning of section 1 of the act of March 5th, 1877, Acts 1877, Reg. Sess., p. 92, prohibiting the sale of intoxicating liquors on the day of a municipal election.

From the Jackson Circuit Court.

*D. P. Baldwin*, Attorney General, and *F. L. Prow*, Prosecuting Attorney, for the State.

WOODS, J.—Affidavit and information against the defendant, the appellee, for an unlawful sale of intoxicating liquor, alleged to have been made in the city of Seymour, on the day of a municipal election. The defendant pleaded "not guilty," and upon a trial by the court was acquitted and discharged.

Evidence was offered by the State for the purpose of showing a sale as charged, made in said city on the day and during the holding of an election "in said city, on the 16th day of August, 1879, for the purpose of taking a vote of the qualified voters of said city to determine whether said city would construct, maintain and operate water-works, pursuant to the act of the Legislature approved March 25th, 1879." The evidence was objected to, on the ground that said election was not a municipal election, and that the evidence was irrelevant and immaterial. The court sustained the objection, and, by a proper bill of exceptions and assignment of error, the State has presented the question involved for our decision.

The information is based on the 1st section of the act approved March 5th, 1877, Acts 1877, Reg. Sess., p. 92, by which it is enacted, "That it shall be unlawful for any person to sell, barter, or give away, to be drank as a beverage, any spirituous, vinous, malt, or other intoxicating liquors on Sunday, the Fourth Day of July, the first day of January, and the twenty-fifth day of December, commonly called Christmas, and thanksgiving day, as designated by proclamation of the Governor of the State, or President of the United States, or upon the day of any State, county, township, primary or municipal election in the township, town, or city where the same may be holden, and upon conviction thereof, the person so offending shall be deemed guilty of

a misdemeanor, and be fined in any sum not less than ten, nor more than fifty dollars, to which may be added imprisonment in the county jail for any period not exceeding sixty days, in the discretion of the court or jury trying the same."

By the 1st section of the act of March 25th, 1879, Acts 1879, p. 88, it is provided, among other things, that the common council of any city, or town trustees of any incorporated town, contemplating building water-works under this act, shall, before actually embarking therein, submit the question to the qualified voters thereof, at a special or general election, and voters desiring water-works may vote, "*For water-works;*" or, if opposed, "*Against water-works.*" * * * "That notice of such election, and submission of said question of water-works thereat shall be published for three weeks successively before the day of such election, in some newspaper printed and published in such city," etc.

We are not favored with a brief on the part of the appellee. If the court below, as seems to have been the case, concluded that an election held in a city, under the law in reference to water-works, was not a municipal election, we are not informed, and are unable to conjecture, by what process of reasoning that conclusion was reached. The power to establish water-works under the law is a power conferred on the municipality. Its exercise greatly concerned the welfare and comfort of the citizens, and an election upon the question involved questions, not only of health and convenience, but of debt and taxation. It was certainly a municipal election.

It may be noted that the law authorizing the holding of such an election was not enacted until two years after the passage of the law under which the prosecution was instituted, and on this fact it may have been held that the law defining the offence should be construed to include only such election days as were then known to the law, and that the act providing for new elections could not enlarge the scope

of a criminal statute theretofore enacted. This argument,. if admitted, proves too much. The times for holding elec-- tions have been, and doubtless will be, frequently changed,. but it has not been deemed necessary on that account to change or re-enact the penal or criminal statutes which re- late thereto. The general terms of these statutes are such as to preserve their force and applicability notwithstanding: the changes made in other laws. The language of the law under consideration is as general and comprehensive as it could well have been made, and may as well apply to elec- tions since provided for as to those which were authorized by the laws existing at the time of its passage, and to elec- tions concerning water-works proposed to be erected in the municipality as to an election of municipal officers.

The appeal is sustained, at the costs of the appellee.