The State of Missouri, Appellant, v. William T. Mahaey, Respondent.

### Kansas City Court of Appeals, November 9, 1885.

1. School District Meetings—Chairman of Not a Judge of Election.—The chairman of a meeting of qualified voters of a school district, for the election of a school director, under the provisions of sections 7029 and 7031, of the Revised Statutes, is not subject to the pains and penalties of the criminal law for rejecting the vote of an applicant for suffrage. Section 1501 of the same statutes applies only to "judges of election," which such a chairman is not.

2. ——— Averments of Information as to Organization, and of Right to Vote.—In such an information, as in this case, the organ-

ization of the school district should be averred and proved. The courts will not take judicial notice of such fact *in pais*. It should also aver that the person informed against knew the applicant to be entitled to vote ; and it should appear by its averments that the applicant is possessed of the qualifications of a legal voter.

APPEAL from Worth Circuit Court, HON. C. H. S. GOODMAN, Judge.

*Affirmed.*

The facts are stated in the opinion.

B. G. BOONE, Attorney General, M. A. FYKE and EMMET PHILIPS, for the appellant.

I.   The prosecuting attorney of a county is empowered by statute to file an information before a justice of the peace.   Sections 2025 and 2029, Revised Statutes.

II.   A judge of election may be qualified to act as such at an election for school director.   Section 7030, Rev. Stat.

III.   The complaint does charge an offence under the statute.   It is a misdemeanor for a judge to wilfully neglect to perform any duty required by law with respect to elections.   Section 1501, Rev. Stat.   The duty of such a judge is prescribed by section 5494, of the Revised Statutes.

IV.   It was unnecessary to allege what were the qualifications of the applicant as a voter, as that is a matter of evidence.   *Wiggins v. Graham*, 51 Mo. 17 ; *Pier v. Heinrichoffen*, 52 Mo. 333.

No brief on file for respondent.

PHILIPS, P. J.—This is a proceeding upon information for violation of the election laws.   The information was by affidavit, under oath, by the prosecuting attorney of Worth county before a justice of the peace in and for said county, informing the court "that one Wm. J. Mahaey, on April 4, 1882, at said county of Worth, and state of Missouri, being then and there a qualified and

acting judge of a certain election then and there had and held under the laws of the state of Missouri, for the purpose of electing a school director for school district number nine, township sixty-five, range thirty-two, of Worth county, Missouri, at the public school house of said district number nine, in said county, and then and there one Gilbert Osborne, who was a legally qualified voter, and entitled then and there to vote at said school election, did then and there, at said public school house, at said election, offer his vote to him, the said William J. Mahaey, as such judge of said election, and it was the duty of said William J. Mahaey, as such judge of said election, to take and receive the vote of said Gilbert Osborne so, as aforesaid, offered to him, the said William J. Mahaey, as he, the said William J. Mahaey, well knew, and that then and there the said William J. Mahaey, as such judge of said election, and unlawfully, knowingly, wilfully, and corruptly refused and neglected to receive such vote of the said Gilbert Osborne offered to him, as aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

On motion of defendant, the circuit court, whither the cause had gone on appeal from the justice's court, quashed the information. The state has brought the case here on appeal.

I. The single question for determination is, does the information charge facts sufficient to constitute an offence under the law? We are of opinion that it does not. The statute, sections 7029 and 7031, provides for regular meetings of the qualified voters of school districts, on the first Tuesday in April of each year, to elect a school director for the district. The qualified voters, on assembling at the time and place, are authorized to select a chairman, and appoint a secretary, in the absence of the district clerk, who shall keep a record of the proceedings, etc. The statute evidently contemplates that the election of the school director shall be conducted by this meeting under the supervision of the chairman, who

has to certify to the proceedings kept by the secretary or clerk.

We are unable to find any provision of the statute subjecting such chairman to the pains and penalties of the criminal code for rejecting the vote of any applicant for suffrage. We are referred to section 1501, of the Revised Statutes. This section, we think, applies only to the instance of some election held under the supervision of two or more judges, as provided by statute for conducting such elections. Its language is : " If the *judges* and *clerks* of any election, or any of them, shall wilfully neglect, or refuse to perform any duty enjoined or required of them by law with respect to holding and conducting such election, receiving and counting out the ballots, etc.,  *  *  *  shall be deemed guilty of misdemeanor."

Nowhere in the statute is this chairman of the district meeting designated as a judge of election. It is true that section 7030, of the Revised Statutes provides that the circuit court, in the event of a failure of such election at the time designated by statute, may appoint " the *judges* of election" to act at a special election. These are "*judges* of election." How many, the statute does not say. Presumably, the number would be conformable to the general usage, as recognized by the statute in the matter of ordinary elections. Whether any judge thus appointed would be amenable to the penal provision of said section 1501 is not before us for determination. It is manifest on the face of the information that the election at which defendant presided was a regular, annual election, held on the 4th day of April, 1882, which was the first Tuesday in April, 1882. This affirmation precludes any presumption that the defendant may have been one of the judges appointed by the circuit court, because the circuit court had no jurisdiction to appoint such judges until after failure by the qualified voters to hold such election on the first Tuesday in April.

II. The information is defective, in our opinion, in not averring that school district number nine was then

and there duly organized and constituted a school district, under and pursuant to the statute in such case made and provided. In *State v. Hayes* (78 Mo. 606), it was held bad, in charging one as an officer of a township, for the omission to allege that the county was organized and acting under the township organization. The courts will not take judicial cognizance of such fact *in pais*. The school districts are constantly changing, are made and unmade by the constituent members. Proof of the fact must be made; and, therefore, must be averred.

III. The information is furthermore defective in not alleging that the defendant knew Osborne to be entitled to vote. *State v. Daniels*, 44 N. H. 383; Bish. Stat. Cr. (2 Ed.) sect. 839.

IV. This information, on most respectable authority, might be held to be bad in not setting out the facts showing Osborne to be possessed of the qualifications of a legal voter. *Pearce v. State*, 1 Sneed 63; 1 Bish. on Criminal Procedure, sect. 627. But we reserve our opinion as to this point.

The judgment of the circuit court, the other judges concurring, is affirmed.