NEWTON RAY ET AL., Respondents, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY. Appellant.

**St. Louis Court of Appeals, March 8, 1887.**

1. TRESPASS—REPEATED ACTS—RAILROADS—PLEADING—PRACTICE. The owner of property on which repeated acts of depredation have been committed by cattle, owing to the failure of an adjoining railroad to erect and maintain a sufficient fence, may sue for the entire damage in one count, and can not be compelled to elect as to which trespass or neglect he will proceed upon.

2. ——— In such a suit, on appeal from a justice, after a motion to elect has been overruled, and the defendant has elected to stand on his motion, the court can not affirm the judgment without hearing the evidence. Such action of the defendant is not an entire failure to prosecute his appeal.

APPEAL from the Wayne County Circuit Court, JOHN·G. WEAR, Judge.

*Reversed and remanded.*

GEORGE H. BENTON, for the appellant: The petition states several independent causes of action in one count or paragraph, and the court erred in overruling the defendant's motion to require the plaintiffs to elect. Rev. Stat., sects. 3512, 3529; Bliss on Code Pleading, sect. 412; Pomeroy on Remedies and Remedial Rights, sect. 447; *House v. Lowell*, 45 Mo. 881; *Clark's Adm'r v. Railroad*, 36 Mo. 202; *Bass v. Comstock*, 38 N. Y. 21; *Money v. Kennett*, 19 Mo. 550; *Childs v. Bank*, 17 Mo. 213. The court should have taken the evidence, and tried the merits of the case after the defendant elected to stand on its motion, and had no authority to affirm the judgment of the justice. *Smith v. Railroad*, 20 Mo. App. 689; Rev. Stat., sect. 3057.

THOMPSON, J., delivered the opinion of the court.

This suit was originally brought before a justice of the peace, to recover double damages, under Revised Statutes, section 809, for injuries to a crop of corn, alleged to have been done by hogs, which got into the inclosed fields of the plaintiffs, by reason of the failure of the defendant to maintain a fence along its line or road, as required by the statute. The plaintiffs' statement (omitting the caption) was as follows:

"The plaintiffs state that the defendant, at the time hereinafter mentioned, was running and operating a railroad through Williams township, county and state aforesaid, along and adjoining the inclosed and cultivated fields of the plaintiffs; that the plaintiffs were, in the year 1884, cultivating their said inclosed and cultivated fields, along and adjoining which the defendant's said railroad runs, as aforesaid, in corn, and that the said corn was the property of these plaintiffs; that from August until the thirtieth day of December, 1884, hogs straying and escaping from the defendant's said railroad and right of way, at the point aforesaid, where the defendant's said railroad runs along and adjoining the plaintiffs' said inclosed and cultivated fields, continuously came upon and entered into the plaintiffs' inclosed and cultivated fields, and destroyed a large quantity of the plaintiffs' corn, then being standing and growing, to-wit: One hundred bushels, of the value of forty cents per bushel, and of the aggregate value of forty dollars; that the destruction of the plaintiffs' corn, as aforesaid, was occasioned by the failure of the defendant to erect and maintain good and lawful fences, cattle-guards, and farm crossings, along the sides of said railroad at the point of its said road running along and adjoining the plaintiffs' said inclosed and cultivated fields aforesaid, where the said hogs escaped and strayed upon and into the plaintiffs' said corn, then being standing and growing, as aforesaid; that, by reason of the destruction of

the plaintiffs' corn, as aforesaid, by hogs straying and escaping from the defendant's railroad and right of way, as aforesaid, at the time and place aforesaid, the plaintiffs say they were damaged in the sum of forty dollars, wherefore," etc.

This cause was before this court at a former term and was reversed on a point of practice, which does not touch the merits of this appeal. Upon this cause being remanded to the circuit court, the defendant filed the following motion :

"Now comes the defendant, by attorney, and moves the court to require the plaintiffs herein to elect upon which cause of action stated in their petition they will stand, for the reason that said petition states several separate and independent causes of action in one single count or paragraph, irregularly, and improperly."

The court overruled this motion and the defendant excepted. Then, as the record recites, "the defendant thereupon elected to stand on said motion, whereupon the court affirmed the judgment of the justice of the peace."

The entry of the judgment was as follows :

"Now, again come the said parties herein, by attorney, and this cause coming on for trial, and the defendant electing to stand on its said motion, the court doth find the issues for the plaintiffs. Wherefore it is considered and adjudged by the court that the judgment of the justice in this cause, be, and the same is, hereby affirmed," etc.

I.  The motion to elect was not well taken. There were no separate and independent causes of action set up in the plaintiffs' statement, between or among which the plaintiffs could elect. The answer was for a continuing injury by trespassing animals to the plaintiffs' growing crop, for a period of about four months, in consequence of a continuing failure on the part of the defendant in the performance of the duty enjoined by

the statute. The printed argument of the defendant indicates that the motion was based on the idea that a failure to fence was one cause of action, and the failure to maintain a fence was another cause of action. This is a clear misapprehension. The cause of action was the injury, which the plaintiffs sustained through the failure, on the part of the defendant, to perform the duty enjoined by the statute ; and the language of the statute is, "shall erect and maintain lawful fences," etc. The duty of erecting and maintaining is not divisible in the sense in which the defendant argues, but it is the aggregate duty, the failure to perform which, followed by damage, gives the right of action created by statute.

The defendant argues that each trespass of hogs, on each separate day, is also a distinct and separate cause of action, and that, to permit the allegation, from August to December, etc., to stand as a sufficient statement, would be violative of the spirit and express provisions of the code. We do not think so. The case is analogous to the well known cases of continuing trespass, in which cases the plaintiff is not, in general, allowed to split up his cause of action, and harass the defendant by separate actions, for the separate acts of trespass committed on each separate day. Aside from this, we find, on comparison, that the petition is in substantially the same language as the petition in *Carpenter v. Railroad*, which this court held sufficient in 20 Mo. App. 644, affirming a judgment rendered thereon. The court, therefore, committed no error in overruling the motion to compel the plaintiffs to elect.

II. But the subsequent proceedings can be upheld upon no rule of practice with which we are acquainted. The only cases in which the circuit court can affirm the judgment of a justice of the peace are cases in which the appellant fails to prosecute his appeal. The appellant does not fail to prosecute his appeal, where he takes his appeal in the regular mode, gives the prescribed notice to the appellee, and gets the record into

the circuit court in time. In every such case under the statute, the case stands for trial on its merits, without any regard to the judgment rendered by the justice, just as though it had been originally brought in the circuit court, saving only the differences of procedure which grow out of the fact that formal pleadings are not required, and saving, also, that, by agreement of the parties, the cause may be tried by a jury of six men. Rev. Stat., sects. 3052, 3061. It is true that, where the court merely affirms the judgment of the justice, or, on trial anew, renders judgment for the same party in the same amount, the judgment is entered in precisely the same way ; against an appellant and the sureties in his recognizance for appeal. Rev. Stat., sect. 3062. Hence, at the present term, where a judgment of the circuit court was irregularly entered in the form of affirming the judgment of the justice, we held that the irregularity might be disregarded, since the effect of the judgment was the same as though it had been entered in due form.

But in this case the record does not show that the issues were tried at all. Neither does it show that the judgment was rendered upon an inquiry of damages. On the contrary, it shows that it was rendered upon the theory that when the defendant, after the overruling of its motion to require the plaintiffs to elect, elected "to stand on its said motion," this amounted to a failure to prosecute the appeal, such as warranted an affirmance of the justice's judgment. We suppose that the court and the opposite party were justified in interpreting the notification of the defendant, that it "would stand on its said motion," as *meaning something*, and we do not see what meaning could be given to it, except the meaning which is given to the election of a defendant to stand on his demurrer to a petition, when the same has been overruled. It means that he will not plead or further defend, but that he will suffer judgment to go against him, and will take the question to a higher court by appeal or error. This, we take it, is what the de-

fendant must be understood as meaning by his election, since no other meaning can be ascribed to such language, which would not be absurd.

In trials before justices of the peace, and consequently on the trial of causes appealed from justices' courts, no formal defensive pleading is required, but the defendant is understood as pleading the general issue. *Reed v. Snodgrass*, 55 Mo. 180; *Bank v. Williamson*, 61 Mo. 259. But where the defendant makes a motion of this kind, and, after it is overruled, notifies the court and the opposite party, that he elects to stand upon his motion (although there is no warrant in practice for such a proceeding, since the motion does not go to the entire insufficiency of the petition, but merely to its form), we take it that he is not to be understood as pleading at all, but that he is to be understood as taking the position which a defendant would take by a similar election, after the overruling of a demurrer. In such a case, unless the damages are liquidated, the court must proceed by a writ of inquiry to ascertain the damages before final judgment can be rendered. *Summers v. Tice*, 1 Mo. 349; *Wetzell v. Waters*, 18 Mo. 396. This was the least which the circuit court could have done in this case, in view of the provision of the statute (Rev. Stat., sect. 3052) requiring the court to try the cause anew, and in view of the further provision of the statute (Rev. Stat., sect. 3061), that the trial in the appellate court shall be governed by the practice in such court, etc. We think, however, that it would have been the better practice for the court, under the circumstances, to call a jury, and to try the cause, allowing the defendant to defend, if it should choose so to do; but we hold that it was error to affirm the judgment of the circuit court, without either trying the cause *de novo*, or having an inquiry of the damages.

The judgment of the circuit court is accordingly reversed, and the cause remanded. All the judges concur.