STATE OF MISSOURI, Respondent, v. JOHN GOWING, Appellant.

Kansas City Court of Appeals, October 24, 1887.

1. PRACTICE—APPEAL FROM JUSTICE OF PEACE FROM CONVICTION OF MISDEMEANOR—ON WHAT BASED.—The statute (sects. 2058 and 2063, Rev. Stat.) provides for an appeal in cases of conviction before a justice of the peace for misdemeanor, and for a trial *de novo* in the circuit court of all cases properly appealed. The right of appeal does not depend upon the validity of the justice's judgment.

2. ——— APPEAL FROM A VOID JUDGMENT OF JUSTICE—CASE ADJUDGED.—The defendant, in such a case, may appeal from a void

judgment, if he sees fit; in which case the cause should be tried on its merits in the circuit court. *Held*, that, in this case, the defendant should have been arraigned in the circuit court, and the cause should then have been tried upon its merits.

·APPEAL from Jasper Circuit Court, HON. E. C. DEVORE, Special Judge.

*Reversed and remanded.*

Statement of case by the court.

This was a prosecution instituted before a justice of the peace by information, charging the defendant with a misdemeanor. The defendant was convicted in the justice's court, and he appealed to the circuit court. In the latter court, on motion of the state, the appeal was dismissed at the cost of the defendant and the sureties on the appeal bond, for the reason that the record of the proceedings in the justice's court failed to show an arraignment of the defendant. The defendant has appealed to this court.

THOMAS & HACKNEY, for the appellant.

I. The defendant's appeal was regularly and properly taken to the circuit court. Rev. Stat., sect. 2063. And the error of the justice, in failing to arraign defendant, could not prejudice defendant's rights, and should have been disregarded by the circuit court, and the cause tried on its merits. Rev. Stat., sect. 2063.

II. The circuit court should have arraigned the defendant and proceeded to a trial, instead of dismissing the appeal. *State v. West*, 84 Mo. 440.

ROBINSON and HARDING & BULLER, for the respondent.

I. The defendant never having been arraigned before the justice, the judgment was void, and consequently there was nothing to appeal from, and the appeal was properly dismissed. Rev. Stat., sect. 2058; *New-*

*son v. State*, 2 Kelly (Ga.) 60 ;   *Davis v. State*, 38 Wis. 487.

II.   Besides which the appellant has not complied with the rules of the court concerning service of abstract and brief, etc.   The judgment of the circuit court was right, and ought to be affirmed.

HALL, J.—The action of the circuit court was on the theory that the justice's judgment was void, by reason of the failure to arraign defendant ; that there was nothing to appeal from to the circuit court, and that, therefore, the appeal was improperly taken.

By section 2058, Revised Statutes, it is provided that any person, convicted before a justice of the peace for any misdemeanor, may appeal to the circuit or other court having jurisdiction in criminal cases, by complying with the provisions of said section.   By section 2063, Revised Statutes, a trial *de novo* in the circuit court of all cases properly appealed is provided.

The right of appeal does not depend upon the validity of the justice's judgment.   The defendant may appeal from a void judgment against him, if he sees fit to do so, in which case the cause should be tried on its merits in the circuit court.   In this case the defendant should have been arraigned in the circuit court, and the cause should then have been tried on its merits.

Judgment reversed and cause remanded, to be proceeded with in conformity with this opinion.   All concur.