STATE OF MISSOURI, Respondent, v. L. ARTHUR, Appellant.

Kansas City Court of Appeals, July 2, 1888.

1.  **Practice** : APPEAL FROM JUSTICE ON CHARGE OF MISDEMEANOR : TRIAL IN CIRCUIT COURT. In the case of an appeal from a judgment of conviction of a justice of the peace to the circuit court, the court has jurisdiction of the appeal notwithstanding defendant was not arraigned before the justice of the peace. Defendant should be arraigned in the circuit court and after plea entered there, the case should be proceeded with to a trial *de novo*, as if the defendant had been arraigned before the justice.

2.  ——— : ——— : CASE ADJUDGED. The discharge of the jury, in this case, resulting from the action of the court in sustaining the defendant's objection to the court's jurisdiction of the appeal did not operate as an acquittal. (*State v. Hays*, 78 Mo. 600).

*Appeal from Jasper Circuit Court.*—HON. E. C. DEVORE, Special Judge.

REVERSED AND REMANDED.

The case is stated in the opinion.

*Thomas & Hackney*, for the appellant.

(1) The defendant's appeal having been regularly taken to the circuit court, that court had jurisdiction of the cause, and the arraignment of defendant in the circuit court was proper and entitled defendant to a trial. *State v. West*, 84 Mo. 440. (2) The defendant was put in jeopardy by the empaneling and swearing of the jury in this cause on the twenty-ninth day of September, 1885, and the discharge of the jury without further submitting the case to them by the court, was an acquittal, and defendant should have been discharged. *McFadden v. Commonwealth*, 23 Pa. St. 12; *Lee v. State*, 26 Ark. 260; *People v. Barrett*, 2 Caines, 304; *Commonwealth v. Tuck*, 20 Pick. 365; *Mounts v. State*, 14 Ohio, 295; *State v. Connor*, 5 Cold. 311; *State v. Callendine*, 8 Iowa, 288; *Grogan v. State*, 44 Ala. 9; *State v. Alman*, 64 N. C. 364. (3) The circuit court had no authority, after the discharge of the jury, operating as it did in the acquittal of defendant, to take any further steps in the case, such as dismissing his appeal and adjudging the costs thereof against him. Defendant was not liable for any costs. R. S. sec. 2095.

*Robinson* and *Harding & Buller*, for the respondent.

(1) The court having, at the request of defendant, refused to permit the introduction of any evidence, could not do otherwise than discharge the jury; and no principle of law is better settled than that, where the trial is stopped and the jury is discharged without rendering a valid verdict, in consequence of a ruling made at the request of defendant, he cannot set it up as an acquittal nor a bar to a subsequent trial. *People v. McKay*, 18 Johns. (N. Y.) 213; *Dabree v. State*, 12 Pac. Rep. 250; Wharton Am. Cr. Law, sec. 591; *State v. Hays*, 78 Mo. 606; *State v. Patterson*, 88 Mo. 88; *State v. Beatty*, 25 Mo. App. 214. The better opinion seems to be that even without the request of the defendant the court can

always stop the trial and discharge the jury whenever it considers it necessary to do so. *United States v. Perez,* 9 Wheat. 599; *United States v. Coolidge,* 2 Gull. 363; *United States v. Gibert,* 2 Sumn. 19; *Jones v. Queen,* 1 Crim. Law Mag. 766, and cases cited in note. Even an acquittal by a court which has no jurisdiction is no bar. *Campbell v. People,* 18 Cent. Law Jour. 317. In the case at bar the defendant claimed that the court had no jurisdiction because the justice failed to arraign him, and the court being persuaded by him that such was the law had no alternative but to discharge the jury. (2) The statute imperatively requires that the defendant should be arraigned and either plead or have a plea entered on the docket for him by the justice, to the information. R. S., sec. 2043. If there is no arraignment the trial is a nullity. *Newsom v. State,* 2 Kelly (Ga.) 60; *Davis v. State,* 38 Wis. 487. And where the justice's judgment is void, defendant can be released on a writ of *habeas corpus;* hence he need not appeal. 5 Crim. Law Mag. 628. The circuit court could only acquire jurisdiction by appeal from a final judgment, and if the attempted final judgment was a nullity there was nothing to appeal from, and hence the appeal was properly dismissed. R. S. sec. 2058; *State v. Thompson,* 81 Mo. 163. That was the position taken by the defendant, and, if correct, his cause was still pending in the justice's court. (3) The circuit court had no right to dismiss the cause. If it had no jurisdiction to try, it had none to dismiss. If it had jurisdiction to dismiss, it had also to try, and in the view that it had no jurisdiction over the cause, it did right in sustaining a motion to dismiss the appeal at defendant's cost, it having been improvidently taken by him and he being the losing party. *State v. Thompson,* 81 Mo. 163; *Ensworth v. Curd,* 68 Mo. 282. (4) And in any event the court had no right to dismiss the cause at the costs of Ozment, the prosecuting witness. This was not a prosecution instituted at the instance of the injured party, nor for any trespass

against the person or property of another. R. S. sec. 2054. The court having rendered judgment against Ozment for the costs, he of course had a right to move to set it aside. Besides which the term had not elapsed and the proceedings were therefore all in the breast of the court, subject to be modified at will. *State v. Gabriel*, 88 Mo. 631.

HALL, J.—This was a prosecution instituted before a justice of the peace by information, charging the defendant with a misdemeanor. The defendant was convicted in the justice's court, and he appealed to the circuit court.

In the latter court the defendant filed a motion asking that the case be dismissed for the following reasons : " Because the defendant was never arraigned and never pleaded to the information, and no plea was ever entered before the justice in the cause by and for the defendant." The court denied the motion. Having been arraigned in the circuit court, the defendant refused to plead on the ground that the court had no jurisdiction because he had not been arraigned before the justice, and the court thereupon ordered a plea of not guilty to be entered for him.

The defendant then applied for a change of venue on the ground that the circuit judge was prejudiced against him, etc. Hon. E. C. Devore was thereupon elected special judge in the case, and a jury was empaneled to try the cause. The defendant objected to the introduction of any evidence in the case, for the reason that the court had no jurisdiction because of the failure of the justice to arraign him. The court sustained the objection and discharged the jury.

The prosecuting attorney then filed a motion to dismiss the appeal and remand the cause to the justice of the peace, for the reasons given by the defendant in support of his objection to the introduction of any evidence. The court sustained the motion and rendered judgment against the defendant for costs, and made another order discharging the jury.

The defendant filed a motion asking the court to set aside the judgment dismissing the appeal. The court sustained this motion, and made an order dismissing the case at the costs of the prosecuting witness.

On motion of the prosecuting attorney, the court set aside this last order, and then of its own motion dismissed the appeal at the costs of the defendant. From the judgment entered accordingly the defendant has appealed.

The court had jurisdiction of the appeal, notwithstanding the defendant was not arraigned before the justice of the peace. The court properly so held in the first instance and proceeded to arraign the defendant. After the plea entered in the circuit court, the case should have been proceeded with to a trial *de novo*, as if the defendant had been arraigned before the justice of the peace. *State v. Gowing*, 27 Mo. App. 389. The court, therefore, erred in dismissing the appeal.

But the discharge of the jury resulting from the action of the court in sustaining the defendant's objection to the court's jurisdiction of the appeal did not operate as an acquittal. *State v. Hays*, 78 Mo. 606.

The judgment must be reversed, but the cause will be remanded to be proceeded with by the circuit court as if no jury had been empaneled. It is so ordered. All concur.