Louis Heier, Respondent, v. Charles Meisch *et al.*, Appellants.

St. Louis Court of Appeals, November 27, 1888.

1. **Mechanic's Lien:** NOTICE. A notice of suit on a mechanic's lien before a justice of the peace sufficiently complies with the statute in giving the name of the justice in full, without adding his local address. A notice is properly signed by the plaintiff's agent or attorney, as such.

2. **Mechanic's Lien:** STATEMENT. A statement claiming a lien on two buildings erected on lots 26 and 27, and describing them as having a front of one hundred and twenty feet, "the south line being two hundred and sixty-four feet north of Fountain," sufficiently shows that the lots are contiguous, and complies with section 3195, Revised Statutes.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Affirmed.

*Christian & Wind,* for the appellants.

The court had no jurisdiction. The allegation contained in the petition, that, prior to the filing of this petition, he filed with the clerk of the circuit court "a notice showing when and before what justice of the peace this suit would be instituted," does not comply with the spirit of the statute. The petition does not state facts sufficient to constitute a cause of action. While claiming a lien upon two houses and lots, it entirely fails to set forth whether the houses were separate or built together; were built each upon

separate lots ; and even omits to state if the lots were contiguous, or erected under one general contract. This was essential, and renders the judgment a nullity. *Fitzgerald v. Thomas*, 61 Mo. 512 ; R. S. sec. 3195. There was no such notice of suit filed as is required by section 2874. The notice filed and read in evidence was not a compliance with the statute, as it was not signed, nor purported to be signed by plaintiff, or any one in his behalf. *Schulenburg v. Bascom*, 38 Mo. 189 ; *Turner v. Renick*, 19 Mo. App. 205. It cannot be contended that the signature, "By Ed. L. Gottschalk, att'y. for plaintiff," is of any force, for the act of an agent, to be binding, must be done in the name of the principal. The very form adopted by Mr. Gottschalk shows that he intended that there should precede his signature, the name of his client. The statement of account is insufficient, and coupled with the allegations of the petition, is misleading and manifestly untrue. *Mc Williams v. Allan*, 45 Mo. 574 ; *Coe v. Ritter*, 86 Mo. 287.

*E. L. Gottschalk*, for the respondent.

The petition states that plaintiff filed with the clerk of the circuit court a notice showing when and before what justice of the peace this suit would be instituted. It is not necessary to set out the particulars or name of the justice, nor his address. As to the sufficiency of the petition in not stating that the two lots are contiguous or buildings erected under one contract, the petition does set out that the two buildings were erected on lots 26 and 27. These are described as having a front of one hundred and twenty feet, the south line being two hundred and sixty-four feet north of Fountain. In actions before a justice of the peace a statement is sufficient if it advises defendant of the nature of the claim and sufficiently specific to be a bar. *Iba v. Railroad*, 45 Mo. 469 ; *Casey v. Clark*, 2 Mo. 11 ; *Odle v. Clark*,

2 Mo. 12. The process and proceedings in lien cases shall be the same as in other suits before justices of the peace. R. S. 1879, sec. 2873.

PEERS, J., delivered the opinion of the court.

Mechanic's lien, originating before a justice of the peace, against Charles Meisch as contractor and Frederick Mueller as owner. There was judgment for the plaintiff, before the justice, and the owner Mueller appealed. As there is a question raised on the statement filed, we set the same out in full:

"State of Missouri, city of St. Louis, ss.—Before F. B. Cronin, justice of the peace. Louis Heier, plaintiff, vs. Charles Meisch and Frederick Mueller, defendants. Petition on mechanic's lien. Plaintiff Louis Heier states that the defendant Charles Meisch is justly indebted to him in the sum of ninety-two and forty one-hundredths dollars upon the following account, to-wit: Charles Meisch to Louis Heier, to 71 days and 5 hours carpenter work on building of F. Mueller, from Jan'y 13, '87, to April 29, at 20c. per hour, $143.00; credit by cash rec'd, $50.60; balance (equal to 46 days and 2 hours) due, $92.40; that the same is a just and true account of the demand due him after all just credits and set-offs have been given for the work and labor done in the erection of two two-story brick buildings on the following described parcels of land, to-wit: Lots twenty-six and twenty-seven (26 and 27), in city block No. 3770 S., having a front on Bayard avenue of one hundred and twenty feet, by a depth of one hundred and eighty feet, the southern line of said lots being two hundred and sixty-four feet and four inches north of Fountain avenue, in the city of St. Louis, state of Missouri; that said work and labor was continuously done upon said buildings between the thirteenth day of January, 1887, and the twenty-ninth day of April, 1887, on which last-named day said

demand became due in all its particulars; that said Charles Meisch has promised to pay the same, but has failed and neglected so to do, leaving said balance of ninety-two and forty one-hundredths dollars still due and payable after all just credits and set-offs have been given ; that said work and labor was done at the special instance and request of said Charles Meisch, who was the original contractor for the making and erection of said improvements with and for the defendant Frederick Mueller, who is the owner of said property and the improvements thereon erected; that the prices charged for said work and labor are reasonable and just ; that within sixty days after the accruing of said account and demand, to-wit, on the thirteenth day of June, 1887, plaintiff filed with the clerk of the circuit court of the city of St. Louis his account of the demand due him as aforesaid after all just credits and set-offs had been given, together with a full and true description of the property as aforesaid upon which his lien was intended to apply, duly verified by the oath of plaintiff, after first, to-wit, on the third day of May, 1887, giving ten days previous notice in writing to the defendant Frederick Mueller of his said claim and demand, the amount thereof, and from whom due and of his intention to file a lien ; that prior to the filing of this petition, to-wit, on the third day of June, 1887, plaintiff filed with the clerk of the circuit court of the city of St. Louis aforesaid, a notice showing when and before what justice of the peace this suit would be instituted. Wherefore plaintiff prays judgment against the defendant Charles Meisch in the sum of ninety-two and forty one-hundredths dollars, interest and costs, and that the same may be a lien on the property and improvements above described, and sold according to law. By Ed. L. Gottschalk, att'y for pl'ff.''

Defendant objected to the introduction of any evidence for the reasons: (1) Plaintiff does not state

that before filing his suit with justice Cronin he filed with the clerk of the circuit court a notice that he would do so ; (2) there is no sufficient statement of account. These objections being overruled, plaintiff read in evidence the lien, to which defendant objected because : (1) it does not contain a sufficient account; (2) it does not state that the houses are on contiguous lots or built under one contract. Which objections were overruled.

The lien set out the account and description of the property the same as in the petition, the affidavit setting forth among other things that Charles Meisch *"contracted under one contract with said Fred. Mueller for the erection of both buildings."*

Plaintiff then offered in evidence, notice of suit, "it being admitted that Ed. L. Gottschalk, whose name is signed thereto, was attorney for plaintiff and signed such notice as such, and that he caused it to be filed in the office of circuit clerk at the same time lien was filed ;" defendant first having objected for the reason that it was not signed by the plaintiff, or by any one in his name or in his behalf, and not shown to be filed. The objection was overruled.

"Plaintiff then gave other and further evidence tending to prove *all the facts necessary to establish his account and his right to a mechanic's lien as prayed* not covered or embraced in said mechanic's lien statement and notice of suit before justice above set out."

This being all the testimony, defendant demurred, which demurrer was overruled and the jury found for plaintiff, sustaining the lien. Defendant filed a motion for a new trial, also a motion in arrest, which motions being overruled, defendant appeals.

We will consider the points made by the appellant, in the order as presented.

I. The statement shows that within sixty days after the accruing of said account and demand, he filed

with the clerk of the circuit court, city of St. Louis, his account of the demand due him, "after all just credits and set-offs had been given, together with a full and true description of the property upon which his lien was intended to apply, duly verified by the oath of plaintiff, after first giving ten days previous notice in writing of his claim and demand to the defendant."

We think the statement is sufficient. The statute was intended to furnish a means by which persons investigating the title to the property could be informed as to lien suits. The notice is sufficient to show before what justice the suit will be instituted giving his name in full, but omitting his address. The statute does not require that his address should be given and we see no good reason why the construction insisted on by the defendant should prevail as to section 2874; it is entirely too technical.

The defendant insists that the notice was insufficient in that it was not signed by the principal, but by "Ed. L. Gottschalk, attorney for plaintiff." The statute provides (*supra*) that the plaintiff shall file with the clerk a notice showing, etc. The notice is the object, and must be signed, but whether it be signed by the plaintiff in person, or by his agent or attorney as such, is a matter of no consequence. This notice is signed by the "attorney for the plaintiff," and under the reasoning of PHILIPS, P. J., in *Towner v. Remick*, 19 Mo. App. 210, to which we are cited by defendant, is clearly sufficient.

II.   The sufficiency of the statement is objected to, and it is argued that the same fails to show that, while claiming a lien on two houses and lots, it fails to set forth whether the houses were separate or built together, and "omits to state if the lots were contiguous."

The statement sets out that the two buildings were erected on lots 26 and 27, and were described as having a front of one hundred and twenty feet, the "south line

being two hundred and sixty-four feet north of Fountain." How, under this description, they can be other than contiguous lots, we cannot understand. The statement is a sufficient compliance with section 3195, Revised Statutes, 1879.

III. The other points insisted upon by the appellant furnish no ground for a reversal of the judgment and the same will be affirmed. All concur.